**FILED & ENTERED**

MAY 27 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>L. SCOTT APPAREL, INC.,<br><br>Debtor.<br><br>——————————————<br><br>HOWARD GROBSTEIN AS LIQUIDATING TRUSTEE OF L. SCOTT APPAREL INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, a New York corporation,<br><br>Defendant. | Case No. 2:13-bk-26021-RK<br><br>Chapter 11<br><br>Adversary No. 2:15-ap-01438-RK<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1** |

Pending before the court is the "Renewed Motion for Default Judgment Under LBR 7055-1" ("Renewed Motion"), ECF 25, filed by Plaintiff Howard Grobstein as Liquidating Trustee of L. Scott Apparel, Inc. ("Plaintiff"), through his counsel, Lori L. Werderitch of Greenberg Glusker Fields Claman & Machtinger LLP. The Renewed Motion was scheduled for hearing on May 31, 2016 at 2:30 p.m. Having considered the Renewed

1  Motion, Memorandum of Points and Authorities and the Declarations of Lori L. Werderitch
2  and Howard Grobstein and exhibits in support thereof, the court determines that oral
3  argument is unnecessary, dispenses with further argument, vacates the hearing on the
4  Renewed Motion on May 31, 2016 and takes the Renewed Motion under submission and
5  rules as follows.

   On February 9, 2016, Plaintiff, through his counsel, filed its original motion for
7  default judgment, which was set for hearing on March 1, 2016 at 2:30 p.m.  The court
8  issued the following tentative ruling on Plaintiff's original motion for default judgment.

> Deny motion for default judgment without prejudice for the following reasons: (1) the motion is unsigned; (2) defendant has not been served as required under FBRP 7004(h) by certified mail as an insured depositary institution, and plaintiff should serve defendant at both addresses for it on the business entity listing on the California Secretary of State website, which includes the Ohio address on the FDIC website for defendant; (3) the evidence in support of the motion lacks foundation to show that prepetition payments within the preference period were made to defendant (i.e., no copies of cancelled checks showing payment to defendant, just a conclusory statement that payments were made).

16  At the March 1, 2016 hearing, the court thoroughly discussed with counsel that the
17  service of process was defective, default will have to be set aside for lack of
18  compliance with Rule 7004(h) of the Federal Rules of Bankruptcy Procedure
19  ("Bankruptcy Rule(s)"), and process will have to be re-served, and the court
20  continued the hearing to May 31, 2016 at 2:30 p.m. to permit Plaintiff's counsel to
21  correct the deficiencies in the original motion.

22  On May 10, 2016, Plaintiff, through his counsel, filed his Renewed Motion.  While
23  Plaintiff served the moving papers on Defendant by certified mail at the addresses on the
24  California Secretary of State and FDIC websites as suggested in the prior tentative ruling,
25  Plaintiff has not cured the original service problem of insufficient service of process in still
26  not serving Defendant, a FDIC-insured depositary institution (FDIC Certificate No. 628
27  according to FDIC Bank Find search feature on FDIC website), with copies of the
28

summons and complaint by certified mail addressed to an officer of the institution as prescribed by Bankruptcy Rule 7004(h).  The moving papers for the Renewed Motion do not attach any proof of service of (1) service of the summons and complaint on Defendant by certified mail; and (2) service of the summons and complaint addressed to an officer of Defendant, as Bankruptcy Rule 7004(h) expressly requires.  Movant's proof of service of the summons and complaint attached as Exhibit A to Werderitch Declaration in the moving papers, ECF 27, indicates service of the summons and complaint on Defendant on August 14, 2015 without proof of service by certified mail and without proof of service on Defendant addressed to the attention of an officer of Defendant as expressly provided in Bankruptcy Rule 7004(h).  Movant must comply with the specific directions of Bankruptcy Rule 7004(h) to serve process (i.e., the summons and the complaint) on Defendant, since that is what the rule requires.  In this regard, the court notes for Plaintiff that there is a difference in the service requirements for the summons and complaint under Bankruptcy Rule 7004 and for subsequent pleadings under Bankruptcy Rule 7005, making Federal Rule of Civil Procedure 5 applicable to this adversary proceeding, and that the separate service requirements for different types of pleadings must be scrupulously observed in order to accord adverse parties procedural due process.  Additionally, it appears to the court that another summons will have to be issued upon Plaintiff's request in order to attempt further service of process in compliance with Bankruptcy Rule 7004(e) because the prior summons most likely has lapsed in time.

Based on the foregoing, since Plaintiff has not yet cured the defect in service of process under Bankruptcy Rule 7004(h) previously identified by the court, IT IS HEREBY ORDERED that:

1. Plaintiff's Renewed Motion for default judgment is DENIED WITHOUT PREJUDICE;

///

1  2. The court vacates the clerk's entry of default in this adversary proceeding
2    entered on December 9, 2015 (ECF 13) as improvidently entered due to
3    lack of compliance with Bankruptcy Rule 7004(h) as discussed herein; and
4  3. The court vacates the hearing on the Renewed Motion scheduled for May
5    31, 2016 at 2:30 p.m.  No appearances are required on the Renewed
6    Motion on May 31, 2016.
7  4. The court continues the status conference currently scheduled for May 31,
8    2016 at 2:30 p.m. to August 30, 2016 at 1:30 p.m. to allow Plaintiff a further
9    opportunity to properly serve Defendant with the summons and complaint
10   as required by Bankruptcy Rule 7004(h).  No appearances are required at
11   the May 31, 2016 status conference.

**IT IS SO ORDERED.**

###

Date: May 27, 2016

_____
Robert Kwan
United States Bankruptcy Judge